IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORP., | : | |
| Plaintiff, | : | |
| v. | : | No. 05-CV-2895 |
| | : | |
| AN EASEMENT TO CONSTRUCT, OPERATE, | : | |
| AND MAINTAIN A 20-INCH GAS | : | |
| TRANSMISSION PIPELINE ACROSS | : | |
| PROPERTY IN NORTHAMPTON COUNTY, | : | |
| TRACT G9-15-10-0117 OWNED by | : | |
| Defendant KARL K. and Defendant ROSELLA | : | |
| KACHLINE, | : | |
| Defendants. | : | |

**MEMORANDUM**

Green, S.J                                                                                              February 16, 2006

Presently pending is Plaintiff's Motion for Motion for Immediate Access and Possession of Easement Condemned for Pipeline Replacement, and Defendants' Karl and Rosella Kachline's Response in Opposition thereto.  A hearing on Plaintiff's motion was held on January 30, 2006 during which the court took testimony from witnesses and heard argument from counsel.

**Factual Background**

Plaintiff, Columbia Gas Transmission Corporation ("Columbia"), has an easement to maintain a 14 inch gas pipeline across Defendants Karl and Rosella Kachline's (the "Kachlines) property located in Lancaster County Pennsylvania.  Columbia is undertaking a project to replace a segment of its transmission pipeline, Line 1278, which runs across the Kachlines' property.  Columbia is replacing the 14 inch pipeline with a 20 inch pipeline pursuant to two United States Department of Transportation ("DOT") corrective action orders requiring Columbia to upgrade and replace sections of the Line 1278 by 2007.[1]

---

[1]The DOT issued corrective action orders on June 20, 2002 and November 19,
(continued...)

Plaintiff's commenced the instant condemnation proceeding in order to condemn additional property beyond that generally used for pipeline construction.  Defedants Karl and Rosella filed twelve preliminary objections to the condemnation action.  Plaintiff claims that in order to meet its construction schedule and also to comply with the DOT corrective orders, it must begin construction by February 20, 2006.  Plaintiff therefore initiated this condemnation action in order to condemn additional Kachline property for use as a temporary staging area.  Plaintiff argues that pursuant to the current right-of-way agreement for the Kachline property it already has the rights necessary to increase the size of the pipeliene.  However, Columbia asserts that it needs a staging and soil conservation area - in addition to property that has already been condemned for the pipeline expansion project.  During the hearing held on January 30, 2006, Columbia representatives testified that the staging area would be used as a staging area and for topsoil conservation.  Said representatives also testified that the staging area would only be used as a staging/conservation area for soil removed from the Kachline property, and not for storing  soil from neighboring properties.

**Discussion**

Columbia argues that is has satisfied the requisites of the Natural Gas Act which provides, in pertinent part,  that:

> When any holder of a certificate of public convenience and necessity cannot acquire by contract, or is unable to agree with the owner of the property to the compensation to be paid for, the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to the right-of-way, for the location of compressor stations, pressure apparatus, or other stations or equipment necessary to the proper operation of such pipe line or pipe lines, it

---

¹(...continued)
2003, respectively,  requiring Columbia to maintain a lower operating pressure and to upgrade and replace sections of Line 1278. On June 20, 2005, the Federal Energy Regulatory Commission ("FERC") issued an Order granting Columbia a certificate of public convenience and necessity to complete the project. The Kachlines ultimately objected to the Order and asked FERC to reconsider.  Their request was denied.

>may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located. . .

15 U.S.C. § 717f(h).  Columbia concludes that because it holds a certificate of public convenience and necessity, has been unable to agree with the Kachlines regarding the compensation to be paid, and already has a right-of-way across the Kachline property, the additional staging area property should be condemned.  Columbia further maintains that it is entitled to immediate possession of the property to be condemned because, analyzing the instant circumstances and issue in terms of entitlement to injunctive relief, Columbia is able to demonstrate that it can satisfy the elements for such relief.  In support of this position Columbia argues that there is little doubt regarding its likelihood of success on the merits of its condemnation claim because is has satisfied all elements required by the Natural Gas Act.  Columbia argues that it will suffer irreparable harm if it is unable to begin construction by February 20, 2006 because it will not be able to meet its obligations under the two DOT corrective action orders timely.  Columbia also argues that the replacement of its Line 1278 is in the public interest because doing so ensures a safe, reliable, and efficiently running gas line.  Finally Columbia argues that the Kachlines will not suffer any substantial harm by granting it immediate possession of the subject property.

  In response, the Kachlines argue that Columbia is not entitled to possession of their property until condemnation proceedings have concluded.  The Kachlines argue that under §7(h) of the Natural Gas Act, condemnation proceedings involve a substantive determination that: (1) Plaintiff holds a FERC certificate authorizing the relevant project; (2) the land to be taken is "necessary" to the project; and (3) that the landowners have failed to agree on a price for taking.  During the hearing counsel for the Kachlines argued that Plaintiff's motion is premature because the court must first determine whether Columbia has proven the elements

to demonstrate that condemnation is appropriate.  Defendants further argue that Columbia is not entitled to equitable injunctive relief because it cannot demonstrate the requisite elements for preliminary injunction.  The Kachlines argue that Plaintiff has an adequate legal remedy in the condemnation proceedings and therefore conclude that granting Columbia equitable relief is unnecessary.   The Kachlines further argue that they will suffer significant harm if the request for immediate possession is granted because the specialty agricultural crop they maintain immediately adjacent to the proposed area will be irreparably damaged by the taking.  In support of this position Rosella Kachline testified at length about the uniqueness of the cherry tree crop, the delicate balance of the soils and root system, and the devastating impact to the crop that will result from any disturbance of the land upon which the cherry tree crop sits, or is adjacent thereto.  The Kachlines finally argue that caselaw supporting immediate possession has first established that the taking itself is proper.

The court will grant Plaintiff's motion for immediate possession because Columbia is likely to succeed on the merits of its condemnation claim, the taking is in the public interest, and the Kachlines will not be irreparably harmed by the taking as they may receive just and adequate compensation at law for any injury resulting from the taking.  First, Columbia is likely to succeed on the merits of its condemnation claim because it holds a certificate of public convenience and necessity from FERC.  Second, the court finds that the temporary taking of Kachline property for use of a staging and soil conservation area is necessary for the project. Witnesses for both parties testified that there is no other ingress and egress to the property without disturbing some area of Kachline property upon which Columbia does not presently own a right-of-way.  The additional property is necessary for the temporary storage of equipment and also for soil conservation.  Finally, during testimony a Columbia representative testified that it offered the Kachlines remuneration for condemnation and the sum offered was rejected by

the Kachlines. Pursuant to FERC's Order Columbia has a substantive right to an easement to land necessary to effectuate the mandates of the Order. Such easement will be temporary in time and the objecting landowners have a right to monetary damages in the condemnation proceeding for any harm suffered. Based on the aforementioned the court finds that Columbia can likely prove that it can satisfy the elements under the Natural Gas Act for a condemnation proceeding.

It is important to note that given the delicate balance of the soil and the specialty crop located on the Kachline property, the court will only grant Columbia immediate possession of the property for the purposes of staging and for storing soil only from the Kachline property. Soil from neighboring properties will not be conserved on Kachline property. Furthermore, it is clear that upgrading and replacing Line 1278 for safety and efficiency is in the public interest. Finally, the Kachlines, despite their strenuous and persuasive arguments to the contrary, can be adequately compensated for any loss they for suffer resulting from the placement of the staging and soil conservation area. The court understands the nature of the potential harm and risks to the cherry tree crop should the soil on Kachline property be disturbed. However, even given the complete annihilation - an unlikely scenario - of the cherry tree crop as a result of Columbia's gas replacement project, the Kachlines are not without a legal remedy. They are entitled to seek just and adequate compensation for their loss, if any. Because the court concludes that Columbia has demonstrated the elements necessary for a preliminary injunction, it will grant Plaintiff's motion for immediate access and possession.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLUMBIA GAS TRANSMISSION CORP., | : | |
| Plaintiff, | : | |
| v. | : | No. 05-CV-2895 |
| | : | |
| AN EASEMENT TO CONSTRUCT, OPERATE, | : | |
| AND MAINTAIN A 20-INCH GAS | : | |
| TRANSMISSION PIPELINE ACROSS | : | |
| PROPERTY IN NORTHAMPTON COUNTY, | : | |
| TRACT G9-15-10-0117 OWNED by | : | |
| Defendant KARL K. and Defendant ROSELLA | : | |
| KACHLINE, | : | |
| Defendants. | : | |

## ORDER

On consideration of the pleadings, the pending motions, responses and legal briefs in support thereof, and evidence offered at the hearing held in this matter on January 30, 2006, **AND NOW** this 16th day of February 2006, **IT IS HEREBY ORDERED** that:

1. Karl K. and Rosella Kachline's preliminary objections to the condemnations proceedings are **OVERRULED** for the reasons stated in the Memorandum filed herewith;

2. Plaintiff's Motion for Immediate Access and Possession of Easement Condemned for Pipeline Replacement is **GRANTED**, subject however, to the limitation that only soil from Defendants Karl K. And Rosella Kachline's property shall be stored and conserved on the Kachline's property; and

3. Further proceedings on condemnation will be scheduled on motion of either party.

BY THE COURT:

s/Clifford Scott Green

_____

Clifford Scott Green, S.J.